FILED

2012 APR 25 AM 8: 23

CLERK US
SOUTHERN DIST... ...

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPER STEVEN BUTLER,<br><br>Petitioner,<br><br>v.<br><br>JOAN P. WEBER, Warden<br><br>Respondent. | Civil No. 12-0751 WQH (POR)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, who is proceeding pro se, has filed a document which this Court liberally construes as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.

**FAILURE TO SATISFY THE FILING FEE REQUIREMENT**

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

**FAILURE TO STATE A COGNIZABLE CLAIM**

Further, upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Although Petitioner's claims are not entirely clear, they appear to relate to distressed securities bonds, and liens. Petitioner's claims are not cognizable because they not challenge the constitutional validity or duration of confinement. See 28 U.S.C. § 2254(a); Preiser v.

1  Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512 U.S. 477, 480-85 (1994).
2  "Section 2254 applies only to collateral attacks on state court judgments." McGuire v. Blubaum,
3  376 F. Supp. 284, 285 (D. Ariz. 1974). Indeed, it does not appear Petitioner is currently
4  confined.
5      In no way does Petitioner claim he has suffered a state court conviction which violates
6  the Constitution or laws or treaties of the United States. Rule 4 of the Rules Governing
7  Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears
8  from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to
9  relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the petition that
10 Petitioner is not presently entitled to federal habeas relief because he has not alleged that the
11 state court violated his federal rights.
12     Challenges to the fact or duration of confinement are brought by petition for a writ of
13 habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are
14 brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser, 411 U.S. at 488-500.
15 When a state prisoner is challenging the very fact or duration of his physical imprisonment, and
16 the relief he seeks is a determination that he is entitled to immediate release or a speedier release
17 from that imprisonment, his sole federal remedy is a writ of habeas corpus. Id. at 500. Thus,
18 Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's request to proceed in forma pauperis. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee. Further, the Court **DISMISSES** this case without prejudice for failure to state a cognizable claim on habeas corpus. **IT IS HEREBY ADJUDGED THAT JUDGMENT BE ENTERED DISMISSING THE PETITION AND THE ACTION.**

IT IS SO ORDERED.

DATED: 4/23/12

William Q. Hayes
United States District Judge